1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HALIE COMBS,

Plaintiff,

v.

SPRING OAKS CAPITAL LLC,

Defendant.

CASE NO. 3:25-cv-05652-BHS

ORDER

13      This matter is before the Court on pro se plaintiff Halie Combs's motion to strike

14  defendant Spring Oaks Capital's answer and affirmative defenses. Dkt. 11.

15      Combs alleges Spring Oaks Capital, a debt collector, violated the Fair Debt

16  Collection Practices Act by "persistently" contacting Combs about a pending account

17  balance after she "decided not to pay" and "requested that communication cease." Dkt. 4

18  at 5–6. In its answer, Spring Oaks Capital denies violating the law and asserts 10

19  affirmative defenses. Dkt. 8.

20      Combs moves to strike Spring Oaks Capital's answer and affirmative defenses.

21  Dkt. 11. Spring Oaks Capital opposes Combs's motion as to its affirmative defenses 1–2

22  and 4–8. Dkt. 13. It agrees to withdraw affirmative defenses 3 and 9–10. *Id.* at 2.

1    Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a

2  pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

3  matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and

4  money that must arise from litigating spurious issues by dispensing with those issues

5  prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)

6  (citation and quotation omitted). Rule 12(f) motions are generally "disfavored" because

7  they are "often used as delaying tactics, and because of the limited importance of

8  pleadings in federal practice." SCHWARZER, ET AL., FEDERAL CIVIL PROCEDURE § 9:375

9  (citing *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)).

10    Federal Rule of Civil Procedure 8 governs pleadings generally, whether by

11  complaint or by answer. Rule 8(c) specifically addresses affirmative defenses and

12  requires a party responding to a pleading to "affirmatively state any avoidance or

13  affirmative defense." *Id.* Affirmative defenses offer legal reasons why, accepting the

14  claims as true, the defendant is not liable. *In re Wash. Mut., Inc., Secs., Derivative &*

15  *ERISA Litig.*, No. 08–md–1919MJP, 2011 WL 1158387, at *1 (W.D. Wash. 2011).

16    An affirmative defense is sufficiently pled if it gives plaintiff fair notice of the

17  defense. *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). The Court declines

18  to apply the *Iqbal* and *Twombly* pleading standard to affirmative defenses absent

19  guidance from the Ninth Circuit on the issue. *See Palmason v. Weyerhaeuser Co.*, No.

20  C11–695RSL, 2013 WL 392705, at *1 (W.D. Wash. 2013); *U.S. v. Center for Diagnostic*

21  *Imaging, Inc.*, No. C05–0058RSL, 2011 WL 6300174, at *2 (W.D. Wash. 2011) (listing

22

1  cases); *In re Wash. Mut.,* 2011 WL 1158387, at *1 (W.D. Wash. 2011); *Kerzman v. NCH*

2  *Corp.,* No. C05–1820JLR, 2007 WL 765202, at *7 (W.D. Wash. 2007).

3        The Court agrees with Combs that several of Spring Oaks Capital's affirmative

4  defenses are not proper affirmative defenses. A defense that seeks to "demonstrate that

5  plaintiff has not met its burden of proof" is not an affirmative defense. *Zivkovic v. S. Cal.*

6  *Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002). The following affirmative defenses are

7  therefore stricken: (1) failure to state a claim; (2) lack of standing; (4) Spring Oaks denies

8  causing Combs any injury or damage.

9        Spring Oaks may assert these stricken defenses in appropriate future motions

10  practice. There is no reason to strike the remaining affirmative defenses or the answer in

11  its entirety at this stage.

12        Combs's motion to strike is therefore **GRANTED in part** and **DENIED in part**.

13  IT IS SO ORDERED.

14

15        Dated this third day of November, 2025.

16

17

18                     BENJAMIN H. SETTLE
                   United States District Judge

19

20

21

22

ORDER - 3